IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALBERTA STRONG,**

   **Plaintiff,**

v.

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

   **Defendant.**

Case No. 12-CV-4120-DDC

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's Motion for Attorney's Fees (Doc. 26). Plaintiff seeks attorney's fees in the amount of $13,446.75 under 42 U.S.C. § 406(b) and Fed. R. Civ. P. 60(b)(6). For the following reasons, the Court grants plaintiff's motion for attorney's fees in part, and awards reasonable attorney's fees of $6,780.00. The Court also orders plaintiff's counsel to refund to plaintiff the smaller fee amount ($3,069.36) that he received under the Equal Access to Justice Act ("EAJA"), after he receives his $6,780.00 in attorney's fees from the Commissioner.

*Factual Background*

Plaintiff hired counsel to prosecute her claim for social security benefits on a standard contingency basis of 25% of past due benefits. Doc. 26-2. Plaintiff filed a Complaint in this Court appealing from the administrative decision denying her disability benefits. Doc. 1. This Court reversed the decision of the Commissioner, and remanded the case to the Administrative Law Judge. Doc. 22. The Court also awarded attorney's fees under the EAJA in the amount of $3,069.36. Doc. 25.

On August 8, 2015, the Social Security Administration awarded plaintiff past due benefits. Doc. 26-1. Plaintiff now requests attorney's fees under 42 U.S.C. § 406(b), in an amount that is 25% of the past due benefits, or $13,446.75. Doc. 26; Doc. 26-1 at 4. Plaintiff's counsel has provided documentation showing that he spent 16.95 hours working on this case. Doc. 26-4. Plaintiff's counsel also acknowledges that 42 U.S.C. § 406(b) requires the Court to credit the amount he received in EAJA fees against an attorney's fee award. Doc. 26 at 3.

The Commissioner has filed a response to plaintiff's motion,[1] in which she states that the government does not oppose a fee award. Doc. 28-2. But, the Commissioner requests that the Court order a "reasonable fee" not exceeding $13,446.75, less any amount plaintiff's counsel received for work performed before the Social Security Administration under 42 U.S.C. § 406(a). *Id.* The Commissioner also requests that the Court order plaintiff's counsel to refund the amount of fees that he received under the EAJA, if the Court awards attorney's fees under § 406(b). *Id.*

### *Legal Standard*

Title 42 U.S.C. § 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits." This statute allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff eventually is awarded past due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006). The amount of a fee award under 42 U.S.C. § 406(b) is committed to the Court's sound discretion. *Id.* at 505 (citation omitted); *see also Gordon v. Astrue*, 361 F. App'x

---

[1] Although the Social Security Administration has no direct financial stake in the outcome of § 406(b) litigation, courts allow the Commissioner to respond to attorney's fees motions because "she plays a part in the fee determination resembling that of a trustee for the [plaintiff]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (citation omitted).

933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for work done before it").

The Supreme Court has concluded that while § 406(b) does not displace contingent-fee agreements between a plaintiff and her counsel, the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When testing a contingent-fee agreement for reasonableness, the Supreme Court has identified the following as appropriate bases for a court to reduce the fee award: "(1) when 'the character of the representation and the results the representative achieved' were substandard; (2) when 'the attorney is responsible for delay' that causes disability benefits to accrue 'during the pendency of the case in court'; and (3) when 'the benefits are large in comparison to the amount of time counsel spent on the case.'" *Gordon*, 361 F. App'x at 935 (quoting *Gisbrecht*, 535 U.S. at 808).

*Analysis*

Applying the governing legal standards described above, the Court first examines the contingent-fee agreement between plaintiff and her counsel. Under that agreement, plaintiff hired her counsel on a standard contingency basis of 25% of past due benefits. Doc. 26-2. Her counsel now requests $13,446.75 in attorney's fees—an amount equaling 25% of the past due benefits. Doc. 26; Doc. 26-1 at 4. Plaintiff's counsel asserts that this amount represents a reasonable fee under the *Gisbrecht* factors. The Court thus considers each of these factors below.

First, plaintiff's counsel asserts that he obtained a favorable result for plaintiff, and he notes that the case was particularly difficult because plaintiff was last insured on September 30,

2010.  The Court agrees that plaintiff's counsel achieved a favorable result for his client, and thus this factor supports the reasonableness of the fee award.

Second, plaintiff's counsel asserts that he was not responsible for any delay in the case. The Court finds no evidence suggesting that plaintiff's counsel caused any delay, and therefore this factor also supports the requested fee award.

Third, plaintiff's counsel has submitted time records showing that he spent 16.95 hours working on this case, and he contends that $13,446.75 represents a reasonable fee for that time. But, as the Commissioner points out, the requested fee award represents an hourly rate of $793.31.  This hourly rate is significantly higher than hourly rates previously approved by the Tenth Circuit and our Court in other social security cases.  *See*, *e.g.*, *Russell v. Astrue*, 509 F. App'x 695, 697 (10th Cir. 2013) (affirming an attorney's fee award based on an hourly rate of $422.92 because it was "not beyond the bounds of reasonable judgment or permissible choice"); *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (affirming an award of attorney's fees calculated using an hourly rate of $300); *Roland v. Colvin*, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (holding that a fee award representing an hourly fee of $346.28 for 30.5 hours of work was reasonable); *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving $418.28 as an hourly fee); *Vaughn v. Astrue*, Case No. 06-2213-KHV, 2008 WL 4307870, at *1–2 (D. Kan. Sept. 19, 2008) (concluding that a fee request representing an hourly rate of $965.24 was "exorbitant" and reducing the award to one based on a reasonable hourly rate of $344.73); *Smith v. Astrue*, No. 04-2197-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (approving an hourly fee of $389.61); *Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (approving an hourly fee of $201.91).

In *Gisbrecht*, the Supreme Court counseled against awarding "windfalls for lawyers" and instructed, when "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." 535 U.S. at 808 (citations and internal quotation marks omitted). Following *Gisbrecht's* caution, the Court declines to award plaintiff's counsel the full amount requested here because it results in a windfall. Instead, the Court adjusts the fee award downward to $6,780.00, which represents an hourly rate of $400.

This hourly rate is at the higher end of the range approved by the Tenth Circuit and our Court. The Court finds that an hourly rate at the higher end is warranted here because of plaintiff's counsel expertise in this area. Plaintiff's counsel represents that the lawyers at his firm practice only Social Security disability law and have done so for many years. Based on this experience, plaintiff's counsel asserts that he does not require as much time to work on a federal court case in comparison to other lawyers. Thus, calculating fees using an hourly rate on the higher end accounts for the lower amount of hours that plaintiff's counsel spent on the case.

The Commissioner also requests that the Court deduct from the fee award any amount plaintiff's counsel received for work performed before the Social Security Administration under 42 U.S.C. § 406(a).[2] Under § 406(a), the Commissioner may award attorney's fees for representation before the agency. And, as discussed above, a court may award attorney's fees under 42 U.S.C. § 406(b), for work performed in the federal court case. The Tenth Circuit has explained that § 406 gives the Commissioner and the courts "the authority to independently determine the appropriate attorney fees." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008). And, the Circuit has held that the plain language and statutory structure of

---

[2] The record before the Court contains no information about the amount of fees (if any) that plaintiff's counsel may have received under 42 U.S.C. § 406(a). As explained above, the Commissioner may award attorney's fees under this subsection of the statute for work performed before the agency. Plaintiff provides no information here about fees that the Commissioner may have awarded her counsel for his representation of plaintiff before the agency.

§ 406 does not limit attorney's fees for court representation by the amount of fees awarded by the Commissioner. *Id.* To put another way, the award of fees under § 406(a) does not reduce the award of fees under § 406(b). Thus, the Court declines to deduct any fees that plaintiff's counsel may have received under 42 U.S.C. § 406(a), from the amount the Court awards here under 42 U.S.C. § 406(b).

The Commissioner also asks the Court to order plaintiff's counsel to refund to plaintiff the smaller amount of fees that he received under the EAJA. This request conforms to the Supreme Court's directive that "[f]ee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation and internal quotation marks omitted). The Court thus orders plaintiff's counsel to refund $3,069.36 to plaintiff because the amount awarded under the EAJA is smaller than the § 406(b) award.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Attorney's Fees (Doc. 26) is granted in part. Plaintiff's attorney, Donald J. Baker, is entitled to $6,780.00 in fees under 42 U.S.C. § 406(b). The Commissioner shall pay the fees from the amount which she is withholding from plaintiff's past due benefits. The Commissioner shall pay the remainder of the withheld benefits to plaintiff.

**IT IS FURTHER ORDERED THAT** plaintiff's counsel, Donald J. Baker, shall refund to plaintiff $3,069.36, which he received as fees under the Equal Access to Justice Act after he receives $6,780.00 in attorney's fees from the Commissioner.

**IT IS SO ORDERED.**

**Dated this 23rd day of November, 2015, at Topeka, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**